## George D. Barnard & Co. v. The County of Sangamon.

1. COUNTY OFFICERS—*Authority to Bind the County.*—A county officer, by virtue of his office merely, has no authority, in the absence of a specific statute, to bind his county, or to represent the county board in the purchase of books and stationery for the use of the board or county officers.

2. SAME — *Persons Dealing with, Charged with Notice.*—Persons dealing with county officers as agents of the county are charged with notice of their want of authority to bind the county.

3. COUNTY BOARDS—*Rule Requiring the Purchase of Supplies from Resident Dealers.*—A standing rule of the board of supervisors prohibiting purchases of supplies from any but local dealers, sustained.

**Appeal** from the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in that court on appeal from the board of supervisors. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

CONKLING & GROUT, attorneys for appellants.

E. S. SMITH, State's Attorney, and JAMES M. GRAHAM, attorneys for appellee; H. S. MILLER, of counsel.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an appeal to the Circuit Court from an order of the county board by which it rejected the claim of appellants, composed of $15 for justices' dockets, $20 for marriage register and $604.05 for assessors' books, designed for distribution and use by the office of the county clerk.

George D. Barnard & Co. v. County of Sangamon.

The county clerk, without express authority from the county board, ordered the books and stationery, with other supplies, of the appellants. Appellants were notified soon after the delivery of the property that it would not be accepted or paid for, and that the same was in storage subject to their order.

The principal contention in support of appellants' claim is that previous to this time it had been the practice or custom of the county clerk to order all supplies without express authority of the county board, which were paid for without objection. Appellants reside and do business in St. Louis, while it is a standing rule of the county board that all supplies and printing needed by the county shall be purchased of resident printers and merchants, if it can be done as cheaply as elsewhere, and the assessors' books were later obtained from resident dealers at nearly thirty-four per cent cheaper than appellants' prices. The cause was submitted to the court for trial without a jury, which gave its finding and judgment against appellants, to reverse which they prosecute this further appeal. By the provisions of the statute relative to counties (Chap. 34, Sec. 26), power is vested in the county board of each county to provide suitable books and stationery for the use of the county board, county clerk, county treasurer, sheriff, coroner and the clerks of the courts, and in the revenue act (Sec. 289) there is also a provision that the county board shall direct the county clerk to procure all necessary books and blanks required by the act to be used in the assessment of property and collection of taxes, at the expense of the county. A similar provision, in substance, is contained in the justices' act in respect to dockets. It will be seen upon examination that the authority is vested in the county board and in no other officer, to incur or create the liability against the county for the things enumerated in the statute, and while it may be true, and doubtless is, that the county board has implied power to delegate its authority in this respect to any county officer, or other person, yet when so done the officer or person acts like an agent of natural

persons or corporations, subject to the same rules and limitations applied to them with the scope of the authority given. A county officer, by virtue of his office merely, has no authority, in the absence of a specific statute—and none exists in this case—to bind the county, or to represent the county board for such purpose. His agency must be proved as in any other case where agency becomes material to be established. Neither the county, nor the county board, is in any way responsible for installing the officer into his office, and there is no implication of authority to bind the board from possession of, or other appearances in the office. Like other cases of agency, the authority must be conferred by the principal, and while this may be done, as in cases of individuals or corporations, still it can not be justly claimed, merely because the county clerk made previous orders, which were paid, that therefore the county board had given general authority to bind the county. Until authority is given, no one can rightfully act for the county, and those who deal with county officers as agents of the county, are charged with notice, as in all other cases of agency, of their want of authority to bind the supposed principal. Such rule is as necessary for the protection of the public as it is for the protection of private persons. Here the county clerk had no such authority, either express or implied, but rather the standing rule of the board prohibited purchases from any but local dealers, which appellants were not. Cases where the property had been ordered by the officer without authority and used by the county, stand in a different relation, for by the use there is ratification. Such is not the case. We think the finding and rulings of the court as to the law in the decision of the case were right, and its judgment will be affirmed.